# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30791
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2016

Lyle W. Cayce
Clerk

RICHARD H. MARTIN, III; CONCERNED CARE HOSPICE, L.L.C.; CONCERNED CARE HOME HEALTH, INCORPORATED,

      Plaintiffs - Appellees

v.

KOBY R. JACKSON,

      Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5895

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Koby Jackson appeals from the district court's order enforcing indemnity obligations he had undertaken in a settlement agreement. We AFFIRM.

Richard H. Martin, III, was the Chief Executive Officer of EZ Healthcare, Inc., from February 2010 to July 2013. After resigning, Martin brought suit against EZ Healthcare and its owner Koby Jackson to recover money Martin

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30791

was owed.  The parties entered into a settlement agreement, under which Martin purchased EZ Healthcare from Jackson.  The district court entered an order dismissing the case with prejudice but retaining jurisdiction to enforce the settlement agreement.

A few months later, Martin moved to enforce the settlement agreement against Jackson.  Martin claimed that Jackson agreed to indemnify Martin from all undisclosed debts and liabilities that EZ Healthcare incurred prior to the entry of the settlement agreement.  Martin submitted evidence of several undisclosed debts he had recently discovered and asked the court to order Jackson to pay those debts in accordance with the settlement agreement.

The district court held that the settlement agreement required Jackson to indemnify Martin for the undisclosed debts.  It entered judgment against Jackson for the amount of the debts.  Jackson timely appealed.

## DISCUSSION

We review a district court's enforcement of a settlement agreement for abuse of discretion.  *Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 614 (5th Cir. 2014).  A district court abuses its discretion if it makes clearly erroneous factual findings, erroneous conclusions of law, or incorrectly applies the law to the facts.  *Id.*  Federal courts rely on state contract law for the construction and enforcement of settlement agreements.  *Id.* at 611.  The parties agree that Louisiana law applies to their settlement agreement.

Section 1.3 of the settlement agreement contains a promise by Jackson to indemnify Martin "from and against any and all claims, demands, liability, obligation[s], . . . [arising] prior to entry of this Agreement, except for those liabilities set forth in Exhibit 'A' attached hereto.  Jackson is unaware of any other debts or liabilities of EZ Healthcare, Inc." (emphasis omitted).  The parties agree that the undisclosed debts were not listed in Exhibit A or

2

incurred after entry of the settlement agreement. Section 6(c) contains Jackson's warranties and representations, including that he will disclose any outstanding debts "to the best of his knowledge, information and belief."

Jackson claims that, when read together, these sections make him liable to Martin only for debts that he actually knew about but did not disclose. The district court disagreed with this interpretation. So do we. The final sentence of Section 1.3 does not limit Jackson's indemnification obligations. Instead, it serves as personal assurance that Jackson has disclosed what he knows. Section 6(c) also does not limit Jackson's indemnification obligations under Section 1.3.

The district court did not err in refusing to consider parol evidence of the parties' intent. Under Louisiana law, if "the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LA. CIV. CODE art. 2046. The language of Section 1.3 is "clear and explicit" that Jackson is liable for any undisclosed debts arising prior to entry of the settlement agreement. *See id.*

Jackson also argues on appeal that the district court erred in ruling on the motion without discovery or an evidentiary hearing. He relies on our holding that "when opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984). Jackson does not challenge the agreement's validity but instead the district court's interpretation of the agreement. The factual issues Jackson identifies as justifying an evidentiary hearing are only relevant under his erroneous interpretation of the settlement agreement. Accordingly, the district court did not err in summarily deciding the motion.

3

No. 15-30791

Finally, we do not reach Jackson's remaining arguments that: 1) Martin did not carry the burden of proof to show Jackson breached the settlement agreement; 2) Jackson complied with the terms of the settlement agreement; and 3) Martin knew of some of the undisclosed debts in this case. These arguments are based on Jackson's interpretation of the settlement agreement, which we reject.

The district court did not abuse its discretion in ordering Jackson to indemnify Martin for the undisclosed debts.

AFFIRMED.